UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WALTER CUMMINGS, | Case No.: 14-10957 |
| Plaintiff, | Arthur J. Tarnow |
| v. | United States District Judge |
| PAUL KLEE, *et al*, | Stephanie Dawkins Davis |
| | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION
PLAINTIFF'S MOTION TO STRIKE GUAJARDO (Dkt. 126)
AND MOTION FOR PRELIMINARY INJUNCTION AND
<u>EXTENSION OF TIME TO RESPOND (Dkt. 133)</u>**

## I.   PROCEDURAL HISTORY

Plaintiff, an inmate currently in the custody of the Michigan Department of Corrections, brings this action, *pro se*, under 42 U.S.C. § 1983, claiming a violation of his rights under the United States Constitution. (Dkt. 1). On February 10, 2016, this case was referred to the undersigned for all pretrial purposes. (Dkt. 46). On November 27, 2017, plaintiff filed a motion to amend by striking, without prejudice, defendant Nicholas Guajardo from his amended complaint. (Dkt. 126). On January 8, 2018, plaintiff filed a "second notice of retaliation, request for preliminary injunction, and motion for extension of time to respond to any and all deadlines". (Dkt. 133). Defendant Jindal responded (Dkt. 145), and MDOC defendants responded (Dkt. 147).

## II. ARGUMENTS OF THE PARTIES

In his motion to strike defendant Guajardo from his complaint, plaintiff states that he is without the means to find a correct address for Guajardo and that he does not want to burden this Court further. (Dkt. 126, at p. 1). This motion comes after this Court ordered plaintiff to provide a correct address for Guajardo so that he may be served with the summons and complaint. (Dkt. 123). Plaintiff requests that Guajardo be stricken from his complaint without prejudice so that he may name Guajardo as a defendant when he has the correct address. (Dkt. 126, at p. 2).

In his motion for a preliminary injunction and extension of time to respond to all deadlines, plaintiff details instances of retaliation he has suffered from Librarians Platte and Loomis and Hearing Officer Harris at Carson City Correctional Facility for filing a grievance against Platte. (Dkt. 133, Pg ID 1238-39). According to plaintiff, in retaliation for filing the grievance, Loomis threatened plaintiff and Harris confiscated plaintiff's legal materials after a legal property hearing. (*Id.* at Pg ID 1239). Plaintiff requests injunctive relief in the form of being allowed to forward his legal documents to this Court to ensure they will be preserved. (*Id.* at Pg ID 1240). According to plaintiff, there is a reasonable likelihood of success on this claim and he will suffer irreparable injury because he cannot afford an attorney to get back the legal items the above-named individuals

confiscated. (*Id.*). Plaintiff further requests a six-month extension of time to respond to all Court orders or court rule deadlines due to the above-named individuals' actions. (*Id.*).

In response, defendant Jindal argues that the alleged retaliatory conduct took place at Carson City Correctional Facility, but that Jindal's last contact with plaintiff was at Gus Harrison Correctional Facility before plaintiff was transferred on January 21, 2014. (Dkt. 145, at p. 1-2). Jindal states that she has no personal knowledge of the allegations in plaintiff's motion for preliminary injunction.

The MDOC defendants argue the same in their response. Defendants assert that plaintiff's allegations of retaliatory conduct involve individuals at Carson City, not Gus Harrison, the site of the events detailed in plaintiff's complaint. (Dkt. 147, at p. 2). The defendants assert that they do not have any involvement in the allegations plaintiff makes in his motion. The defendants point out, as does Jindal, that plaintiff was transferred from Gus Harrison in January 2014. None of the named defendants are named in his motion for preliminary injunction. (*Id.*). The defendants therefore ask that plaintiff's motion be denied.

## III. ANALYSIS AND RECOMMENDATIONS

### A. Motion to Strike Guajardo (Dkt. 126)

The undersigned construes plaintiff's motion to amend the complaint to strike Guajardo without prejudice as a motion to dismiss Guajardo without

prejudice. In light of plaintiff's unopposed request, the undersigned recommends that plaintiff's motion to strike Guajardo be **GRANTED WITHOUT PREJUDICE**.

      B.      <u>Motion for Preliminary Injunction, Extension of Time (Dkt. 133)</u>

The defendants are correct that plaintiff's motion for an injunction should be denied because the allegations in plaintiff's motion are not against the defendants, nor do they relate to the factual bases of the complaint. This court has held that an injunction "should not issue when it deals with a matter lying wholly outside the issues in the suit." *Corsetti v. Hackel*, 2012 WL 4955275 (E.D. Mich. Sept. 26, 2012) (internal quotation marks omitted). A motion for preliminary injunctive relief is not the proper method for plaintiff "to use in an attempt to address other issues unrelated to his original complaint." *Hendricks v. Hazzard*, 2013 WL 2635729, at *3 (S.D. Ohio June 12, 2013) (Report and Recommendation) (Kemp, M.J.), adopted, 2013 WL 5944082, at *4 (S.D. Ohio Nov. 5, 2013). Rather,

> [t]he purpose of such relief "is simply to preserve the status quo." *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004); *see University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *Tennessee Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009). The availability of a TRO or preliminary injunction is inextricably intertwined with the merits of the underlying claim. For this reason, one of the principal factors in determining a plaintiff's entitlement to relief is the likelihood that the plaintiff will succeed on the merits of his underlying claims. *See United States v. Contents of Accounts*, 629 F.3d 601, 606 (6th Cir. 2011).

> Hence, a party seeking a preliminary injunction must show a relationship between the irreparable injury claimed in the motion and the claims pending in the complaint. *See Colvin v. Caruso*, 605 F.3d 282, 298 (6th Cir. 2010).

*See also Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010)) ("A basic showing necessary for obtaining a preliminary injunction is that there must be some relationship between the conduct giving rise to the claims in the complaint and the injury sought to be prevented by the motion for preliminary injunctive relief.").

Here, plaintiff's claims against non-parties took place after the conduct giving rise to the complaint and at a different facility. *See*, *e.g.*, *Bloodworth v. Timmerman-Cooper*, 2011 WL 4573943, at *2 (S.D. Ohio Sept. 29, 2011), report and recommendation adopted, 2011 WL 5403217 (S.D. Ohio Nov. 8, 2011) (Plaintiff's request for relief against officials not party to the present suit for tampering with his mail was unrelated to the complaint and was denied); *Beasley v. Westbrooks*, 2017 WL 4150462, at *2 (M.D. Tenn. Sept. 19, 2017) (citing *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010)) ("A basic showing necessary for obtaining a preliminary injunction is that there must be some relationship between the conduct giving rise to the claims in the complaint and the injury sought to be prevented by the motion for preliminary injunctive relief."). Plaintiff's complaint arose from an incident in September 2013 when he fell down some stairs and was

allegedly forcefully removed from the emergency room and placed in the "hold" at Gus Harrison Correctional Facility. (*See* Dkt. 82). The allegations in plaintiff's motion are not against the defendants, nor do they relate to the factual bases of the complaint. Accordingly, the undersigned **RECOMMENDS** that the request for injunctive relief be **DENIED**.

Regarding plaintiff's request for a six-month extension of all deadlines, the undersigned **RECOMMENDS** that the request be **DENIED**. Plaintiff offers no justification for such an extended delay of proceedings in this case, which is already several years old. If plaintiff requires an extension of a particular deadline he may, with good cause, bring a motion so requesting as he has done before in this matter. (*See* Dkts. 36, 56, 106, 130).

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion to strike Guajardo (Dkt. 126) be **GRANTED WITHOUT PREJUDICE**. The undersigned further **RECOMMENDS** that plaintiff's motion for preliminary injunction and for extension of time to respond (Dkt. 133) be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 25, 2018                              s/Stephanie Dawkins Davis
                                                  Stephanie Dawkins Davis
                                                  United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

    I certify that on April 25, 2018, I electronically field the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participant: Walter Cummings #417330, Carson City Correctional Facility, 10274 Boyer Road, Carson City, MI 48811.

                                                  s/Tammy Hallwood
                                                  Case Manager
                                                  (810) 341-7887
                                                  tammy_hallwood@mied.uscourts.gov