UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WALTER CUMMINGS, | Case No. 14-10957 |
| Plaintiff, | SENIOR U.S. DISTRICT JUDGE |
| v. | ARTHUR J. TARNOW |
| PAUL KLEE, ET AL., | U.S. MAGISTRATE JUDGE |
| | STEPHANIE DAWKINS DAVIS |
| Defendants. | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION [164]; OVERRULING PLAINTIFF'S OBJECTION [168]; GRANTING PLAINTIFF'S MOTION TO AMEND [126]; AND DENYING PLAINTIFF'S SECOND NOTICE OF RETALIATION, REQUEST FOR PRELIMINARY INJUNCTION, AND MOTION FOR EXTENSION OF TIME TO RESPOND [133]**

*Pro se* Plaintiff Walter Cummings, an inmate in the custody of the Michigan Department of Corrections ("MDOC"), has brought claims against various MDOC officials pursuant to 42 U.S.C. § 1983. On February 10, 2016, the Court referred pretrial matters in this case to the Magistrate Judge [Dkt. 46].

On November 27, 2017, Plaintiff filed a Motion to Amend by Striking Defendant Nicholas Guajardo from the Amended Complaint Without Prejudice [126]. On January 8, 2018, Plaintiff filed a Second Notice of Retaliation, Request for Preliminary Injunction, and Motion for Extension of Time to Respond to Any and All Deadlines [133].

On April 25, 2018, the Magistrate Judge issued a Report and Recommendation ("R&R") [164], advising the Court to grant without prejudice Plaintiff's motion to strike Defendant Guajardo and deny Plaintiff's motion for preliminary injunction and for extension of time to respond.

Plaintiff filed an Objection [168] to the R&R on May 11, 2018. It appears that Plaintiff only objects to the portion of the R&R that denies the motion for preliminary injunction and extension of time to respond.

For the reasons discussed below, the Court **ADOPTS** the R&R [164]. Plaintiff's Objection [168] is **OVERRULED**. Plaintiff's Motion to Amend [126] is **GRANTED**. Plaintiff's Second Notice of Retaliation, Request for Preliminary Injunction, and Motion for Extension of Time [133] is **DENIED**.

## FACTUAL BACKGROUND

The factual background, for the purposes of this order,[1] is set forth as follows:

> In his motion for a preliminary injunction and extension of time to respond to all deadlines, plaintiff details instances of retaliation he has suffered from Librarians Platte and Loomis and Hearing Officer Harris at Carson City Correctional Facility for filing a grievance against Platte. (Dkt. 133, Pg ID 1238-39). According to plaintiff, in retaliation for filing the grievance, Loomis threatened plaintiff and Harris confiscated plaintiff's legal materials after a legal property hearing. (*Id.* at Pg ID 1239). Plaintiff requests injunctive relief in the form of being allowed to forward his legal documents

---

[1] More detailed recitations of the facts can be found in the Court's and Magistrate Judges' previous orders.[1] *See, e.g.*, Dkt. 35, 131, 162. The Court incorporates those facts by reference here.

to this Court to ensure they will be preserved. (*Id.* at Pg ID 1240). According to plaintiff, there is a reasonable likelihood of success on this claim and he will suffer irreparable injury because he cannot afford an attorney to get back the legal items the above-named individuals confiscated. (*Id.*). Plaintiff further requests a six-month extension of time to respond to all Court orders or court rule deadlines due to the above-named individuals' actions. (*Id.*).

In response, defendant Jindal argues that the alleged retaliatory conduct took place at Carson City Correctional Facility, but that Jindal's last contact with plaintiff was at Gus Harrison Correctional Facility before plaintiff was transferred on January 21, 2014. (Dkt. 145, at p. 1-2). Jindal states that she has no personal knowledge of the allegations in plaintiff's motion for preliminary injunction.

The MDOC defendants argue the same in their response. Defendants assert that plaintiff's allegations of retaliatory conduct involve individuals at Carson City, not Gus Harrison, the site of the events detailed in plaintiff's complaint. (Dkt. 147, at p. 2). The defendants assert that they do not have any involvement in the allegations plaintiff makes in his motion. The defendants point out, as does Jindal, that plaintiff was transferred from Gus Harrison in January 2014. None of the named defendants are named in his motion for preliminary injunction. (*Id.*). The defendants therefore ask that plaintiff's motion be denied.

## ANALYSIS

The Magistrate Judge recommended that the Court deny Plaintiff's Motion for Preliminary Injunction and Extension of Time to Respond "because the allegations in plaintiff's motion are not against the defendants, nor do they relate to the factual bases of the complaint." (Dkt. 164). The Magistrate Judge noted that Plaintiff's motion was an improper "attempt to address other issues unrelated to his original complaint." *Hendricks v. Hazzard*, 2013 WL 2635729, at *3 (S.D. Ohio

June 12, 2013), *report and recommendation adopted*, 2013 WL 5944082, at *4 (S.D. Ohio Nov. 5, 2013).

In response, Plaintiff asserts that "these retaliatory actions started because" Defendant Sherman Campbell "was the warden at Carson City Correctional Facility [while] the plaintiff was there." (Dkt. 168 at 3). This statement is insufficient to justify granting injunctive relief – it is well established that to obtain a preliminary injunction, Plaintiff must show "some relationship between the conduct giving rise to the claims in the complaint and the injury sought to be prevented by the motion for preliminary injunctive relief." *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010).

As the Magistrate Judge explained, the events giving rise to Plaintiff's action stem from an incident that occurred at the Gus Harrison Correctional Facility in September 2013. Plaintiff, who is handicapped, alleges that Defendants improperly removed him from the medical ward and placed him in segregation, in violation of his rights under the Americans with Disabilities Act ("ADA"), as well as the First and Eighth Amendments. *See* Dkt. 82. These allegations are completely unrelated to his current request for injunctive relief, which involves non-parties at a different facility. "A motion for a TRO or preliminary injunction is not the means by which a plaintiff already in court on one claim can seek redress for all other conditions of

confinement that he finds actionable." *Arrington v. Scott*, 2013 WL 1080298, at *1 (W.D. Mich. Jan. 7, 2013).

To be clear, this is not to say that Plaintiff's claims with respect to the confiscation of his legal research materials are meritless.[2] What it means is that these claims must be pursued separately, as they are unrelated to the factual bases of the complaint in this case.

The remainder of Plaintiff's objections are improper because they simply restate previous arguments already considered. *See Wade v. Berryhill*, No. 16-10042, 2017 WL 8355590, at *1 (E.D. Mich. Mar. 3, 2017) (citing *Davis v. Caruso*, No. 07-10115, 2008 WL 540818, at *2 (E.D. Mich. Feb. 25, 2008)). Plaintiff may not "merely reiterate[ ] arguments made to the Magistrate Judge," as this "defeats the purpose and efficiency of the Federal Magistrate's Act, 28 U.S.C. § 636." *Heath v. Comm'r of Soc. Sec.*, 2018 WL 1559768, at *1-2 (W.D. Mich. Mar. 31, 2018) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

## CONCLUSION

For the reasons discussed above,

---

[2] *See, e.g.*, *Kennedy v. Bonevelle*, 413 Fed. Appx. 836 (6th Cir. 2011) (reversing the district court in part, the Sixth Circuit concluded that plaintiff, a *pro se* prisoner, had stated claims for denial of access to the courts and retaliation under the First Amendment).

**IT IS ORDERED** that the Report and Recommendation [164] is hereby **ADOPTED** and entered as the findings and conclusions of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Objection [168] is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend [126] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Second Notice of Retaliation, Request for Preliminary Injunction, and Motion for Extension of Time [133] is **DENIED**.

**SO ORDERED**.

Dated: June 5, 2018

s/Arthur J. Tarnow  
Arthur J. Tarnow  
Senior United States District Judge